**Anna GYUMUSHYAN; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–72230.**

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2009.*

Filed May 13, 2009.

Artem M. Sarian, Esq., Glendale, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jason D. Reichelt, Esq., Department of Justice, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

**38**

Before: HALL, RYMER and SILVERMAN, Circuit Judges.

MEMORANDUM **

Anna Gyumushyan ("Gyumushyan"), and derivatively her daughter, Marianna Simikyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeal's ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal. While finding her testimony credible, the IJ held that whatever persecution Gyumushyan suffered was not on account of any imputed political opinion or any other protected ground. This finding was not supported by substantial evidence. Because the BIA did not properly apply Ninth Circuit law regarding when whistleblowing against corrupt government officials constitutes protected political opinion, we grant the petition and remand to the BIA. The parties are familiar with the facts of the case and we need not recite them here.

The IJ discounted Gyumushyan's testimony that the cause of her husband's arrest, the search of her apartment, and the threats they received was related to evidence her husband possessed and his efforts to prove the corruption of a government official, because the corruption was "public knowledge." The IJ engaged in improper speculation and her finding is not supported by the record. *See also Ratnam v. INS*, 154 F.3d 990, 995 (9th Cir. 1998) (applying presumption of political motivation if no logical reason or legiti-

mate prosecutorial purpose supports harassment of an individual).

Gyumushyan satisfied the test established in *Grava v. INS*, 205 F.3d 1177 (9th Cir.2000), for determining when whistleblowing against corrupt government officials may constitute a protected political activity, as applied in *Hasan v. Ashcroft*, 380 F.3d 1114 (9th Cir.2004), and *Sagaydak v. Gonzales*, 405 F.3d 1035 (9th Cir. 2005). The BIA erred by finding that Gyumushyan needed to show that her husband's actions were directed at the government as a "whole." Rather, she met the *Grava* test by showing that "a powerful political leader use[d] his political office as a means to siphon public money for personal use, and use[d] political connections throughout a wide swath of government agencies, both to facilitate and protect his illicit operations. . . ." *Hasan*, 380 F.3d at 1121. Gyumushyan satisfied this requirement by credibly testifying that the official used military personnel and trucks to facilitate his corruption and that he used his connections with the KGB to search Gyumushyan's apartment, arrest her husband and stifle any investigation into his disappearance. As a government employee, refusing the bribe of his superior officer and turning over evidence of corruption to prosecutors was sufficient to impute political opinion to Gyumushyan's husband. *See Sagaydak*, 405 F.3d at 1042.

The imputed political opinion extends to Gyumushyan, and not just her husband, not only because of her relationship to him, but also because of her perceived actions in continuing his "fight" in her own right. *See id.* at 1044–1045 (considering husband and wife's persecution together, though based only on husband's political activities); *Navas v. INS*, 217 F.3d 646,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

659 n. 18 (9th Cir.2000) ("In the eyes of those who persecute the spouse of a political activist, the activist's political sins are, by derivation, the spouse's.").

We remand to the BIA to determine whether Gyumushyan also has a well-founded fear of future persecution and whether the government has met its burden of rebutting her presumption of future persecution through evidence of changed country conditions or Gyumushyan's ability to internally relocate. *See Hasan*, 380 F.3d at 1122 (citing *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002)).

**PETITION GRANTED and RE-MANDED.**

RYMER, Circuit Judge, dissenting:

I would deny the petition for review because Gyumushyan's testimony established only one "individual[ ] whose corruption was aberrational," not whistleblowing "directed toward a governing institution." *Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000); *cf. Mamouzian v. Ashcroft,* 390 F.3d 1129, 1135 (9th Cir.2004) (granting petition for review where petitioner's "acts of protest were directed toward the policies and practices of the governing party, and not against 'aberrational' corrupt practices of a single individual").